IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

ALVIN LAVON MOORE,                  )
   "Pro Se" Movant                 )
                         )
v.                                  ) Motion Proceeding No. 1:16CV1561
                         ) Underlying AAA Arbitration No. 01-15-005-6947
AMERICAN ONLINE, INC.,              )
   Et al., Respondent.             )
_____     )

---

**MOVANT'S RULE 8, FED.R.CIV.P./9 U.S.C. §§ 10-11 MOTION TO VACATE ARBITRATOR'S AWARD W/AFFIDAVIT AND EXHIBITS A-O; NOTICE OF MOTION; CERTIFICATION; APPLICATION TO PROCEED W/O PREPAYING FEES OR COSTS; AND CERTIFICATE OF SERVICE**

---

Alvin L. Moore, "*Pro Se*"
Movant
   306 Len Tenner Court
Statesboro, Georgia 30458
Phone No. 912.541.3563
Email: mooreal77@aol.com

Dated: December 9, 2016

-1-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALVIN LAVON MOORE,    ) | |
|    "Pro Se" Movant,    ) | |
| v.    ) | Motion Proceeding No. _____ |
| AMERICAN ONLINE, INC.,    ) | Underlying AAA Arbitration No.<u>01-15-005-6947</u> |
|    Et al., Respondent.    ) | |
| _____    ) | |

## **MOTION TO VACATE ARBITRATOR'S AWARD**

COMES NOW the movant Alvin Lavon Moore in his pro se representation before the

Honorable Court and hereby files this, Mr. Moore's Motion requesting that the October 3, 2016

AWARD of the Arbitrator Steven C. Rosen, **see Movant's Exhibit A** which is a copy of a Oct. 3,

2016 "AWARD" by Mr. Rosen showing that same was made and issued in violation of several

provisions of the Federal Arbitration Act ("FAA"), **9 United States Code ("U.S.C.") §§ 1-16** be

vacated or nullified IN WHOLE and shows on grounds as follows:

INTRODUCTION

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a

written agreement for arbitration may petition any United States district court which, save for such

agreement, would have jurisdiction under Title 28 [**28 USCS §§ 1** et seq.], in a civil action of the

subject matter of a suit arising out of the controversy between the parties, for an order directing

that such arbitration proceed in the manner provided for in such agreement. **See 9 U.S.C. § 4.** The

agreement to arbitrate in this case, however, gives this court jurisdiction to redress Alvin Moore's

grievances under this provision. **See Movant's Exhibit B** which is a true copy of a Jan. 21, 2016

-2-

"ARBITRATION AGREEMENT by American Online, Inc. and Alvin Moore demonstrating,[1]

that the parties agree that the FAA, **9 U.S.C. §§ 1 et seq** applies to the agreement. As set forth

more fully in the statements below, that American Online, Inc ("AOL or "Respondent,"

collectively) neglected to arbitrate, Mr. Moore qualifies for an order directing that an arbitration

that resembles one deemed acceptable by the public be provided for before a different arbitrator.

9 U.S.C. § 6 governs the filing and resolution of this application. **See 9 U.S.C. § 6**.

Notice of this motion to vacate, modify, or correct an award have been timely served upon

AOL's Attorney, Chellis Gonzalez as required. **See 9 U.S.C. § 12**.

This application comports with the pertinent parts of Rule 8 of the Federal Rules of Civil

Procedure ("Fed.R.Civ.P."). **See Fed.R.Civ.P. 8(a)(1)-(3); (d)(1)-(3) and (e)**. The authorities set

forth in combination forms the basis of this motion and ground for relief.

## MOVANT'S BRIEF

I

JURISDICTION

---

[1] The Movant served NOTICE upon Respondent on Oct. 5, 2016 that Movant will pursue the legal dispute against

AOL and any employee determined by Arbitrator to be involved in this Court. In addition, on Oct. 3, 2016 the

Movant complied with Rule 47(a) of the applicable Consumer Arbitration Rules ("R" or "Rule" collectively) of the

American Arbitration Association ("AAA"), **see also R-43(b)**, that Movant disagree with the form and the making

of the Oct. 3, 2016 AWARD of the Arbitrator.

On December 9, 2016, a Notice, as contemplated by § 12 of the FAA have now been served upon legal counsel,

Chellis Gonzalez for Respondent American Online, Inc ("Respondent" or "AOL," collectively). A copy of the

Notice and a certificate of Service is and attached hereto.

-3-

a. This court has jurisdiction over the subject matter of this Motion[2] pursuant to **U.S. Const. Art III, § II, Cl. I; 9 U.S.C. §§ 4, 9-11; 18 U.S.C. § 2707(a)-(c)[3]** and **28 U.S.C. §§ 1331, 1332,**

---

[2] District court has jurisdiction to vacate arbitration awards. INTERNATIONAL CHEMICAL WORKERS UNION, LOCAL NO. 566, Appellee, v. MOBAY CHEMICAL CORP., 755 F.2d 1107, 1112 (4th Cir.1985); see generally SWITZER v. CREDIT ACCEPTANCE CORP., 2010 U.S. Dist. LEXIS 7803 *1, 4-10 (W.D. Va.2010)(The court addresses its jurisdiction *sua sponte*.)

[3] The arbitrator insinuated by Award to AOL that AOL'a action resulting in a violation of the federal criminal statute governing protection of private information from being unduly shared with third-parties is excused because it occured pursuant to a letter from a police officer irrespective that same is unsigned by a sitting judge of a court of competent jurisdiction. Yet assuming that AOL's letter marked and referenced as Exhibit B in support of AOL's March 11, 2016 motion to dismiss **with** prejudice filed to the AAA prior to its appointment of an arbitrator, is the actual evidence that the arbitrator has reviewed and considered by which the consideration of AOL's motion was **controlled,** and not AOL's Aug. 29, 2016 Reply Brief of the arbitrability issues with Exhibit 1 as controlling adversely to the Claimant for the reasons and no authority given therein, the AWARD still must be disturbed, because the letter contained no evidence to support any ground raised in the motion. By this ingenious interpretation arbitrator delivered AOL an award in this breach of privacy agreement case, see **Exhibit A,** at p. 1, lines 17-20, which cannot be obtained by plain and express terms of the approved procedures. See e.g., **18 U.S.C. § 2703** *et seq*. In any event, the Movant respectfully dispute that AOL's letter constitutes one of the approved procedure on reasoning that same comes no where near to being competent and credible evidence required to prove AOL's right to relief from liability to Alvin Moore on ground of Benjamin M. Purvis' title or rank in the community. And for clear reasons. The courts who have decided breach of privacy agreement cases have disregarded prestige or majesty of entity making the request upon electronic communication service providers and have overwhelmingly found that the language of the statute requiring court participation, see e.g., **18 U.S.C. § 2703(a)-(d),** is unambiguous. See FREEDMAN v. AMERICA ONLINE, INC., 325 F. Supp. 2d 638, (E.D.Va.2004) (specifically associating demonstration of good faith belief with a court order or a signed valid warrant). See also Bansal v Server Beach, 285

-4-

as the movant's[4] claims arise under the Unlawful Access to Stored Wire And Electronic

Communications And Transactional Records and Arbitration Laws of the United States. See

SONIC AUTO., INC. v. PRICE, 2011 U.S. Dist. LEXIS 90359 *1, 12-30 (W.D.N.C.2011)(*citing*

Stolt-Nielsen v. ANIMALFEEDS INTERNATIONAL CORP., 559 U.S. 662; 130 S. Ct. 1758;

176 L. Ed. 2d 605 (2010)), *following* MED-TEL INT'L CORP. v. LOULAKIS, 403 F. Supp. 2d

496 (E.D.Va.2005)

b. This Court also has supplemental jurisdiction over the pendent state law claims pursuant to

**28 U.S.C. § 1367(a)**.

c. The Parties listed in the caption of this case are subject to personal jurisdiction in the

Eastern District of Virginia, Alexandria Division pursuant to **9 U.S.C. § 9**, because parties has

entered into an arbitration agreement that is valid with respect to an action in *personam*. **See e.g.,**

**Movant's Exhibit B** which is a true copy of a Jan. 21, 2016 "ARBITRATION AGREEMENT by

---

Fed. Appx. 890, 892 (3rd Cir.2008)(UNPUBLISHED OPINION UNDER FEDERAL RULES OF APPELLATE

PROCEDURE RULE 32.1: The provider had a complete defense, pursuant to **18 U.S.C.S. § 2707(e)**, to the SCA

claims because it divulged his **e-mails** pursuant to **a court order** arising from his criminal prosecution.**).** It is thus

clear, and Courts in the Northern District of California recognize that a violation of the Stored Communications

Act, **18 U.S.C.S. § 2701** *et seq.*, may serve as a concrete injury for the purposes of **U.S. Const. art. III** injury

analysis, IN RE IPHONE APPLICATION LITIG., 844 F. Supp. 2d 1040, 1055 (N.D.Cal.2012), that AOL in this

case, cannot and must not be awarded a final win over Moore on basis of a mere letter that is not signed by a judge

of a court.

[4] The movant Alvin Lavon Moore is a citizen of Statesboro, Georgia. And the Respondent American Online, Inc is a

New York, N.Y. corporation with its principal place of legal and media business in Virginia.

-5-

AOL and Alvin Moore demonstrating among other things that the parties agree that the FAA

applies to the agreement.

The agreement also provide, to wit:

> "In event that the Agreement to arbitrate is found not to apply
> to movant or to a particular claim or Dispute as a result of a
> decision by the arbitrator, any Dispute or claims that Movant
> may have against Respondent reside in and will be resolved by
> this Court and the parties agree[5] and submit to the exercise of
> personal jurisdiction of this Court for the purpose of litigating
> any such claim or action." **See id**, at pp. 10, 12.

Jurisdiction is also in this Court on common law grounds because Respondent misrepresented

the authentic nature of the agreement to AAA in several writings that was served, causing tortious

injury to Movant's interest within Virginia. Thus, the award is subjected to being vacated as

prescribed under **9 U.S.C.S. §§ 1-16**.

## II

## STATEMENT OF CLAIM

### THE MOVANT IS ENTITLED TO RELIEF UPON THIS APPLICATION BECAUSE THE ARBITRATOR APPOINTED BY THE AAA SIMPLY DID NOT DO HIS JOB UNDER THE AGREEMENTS OF THE PARTIES

For instance the movant shows as follows, well established law supports the vacation of

Arbitrator's award.

   a.  The Arbitrator Is Guilty Of Misconduct In Refusing To Hear Evidence Of AOL's Breach
      Of Several Contracts Entered Into With Alvin Moore, As Within The Submission's
      Agreement And The Privacy Policy Agreement That Are Pertinent And Material To The

---

[5] The AAA ruled that the Rules applied to the underlying case. **See Movant's Exhibit C** which is a Jan. 25, 2016

"RULING" by AAA informing the parties that parties to this case are under obligations to object in writing prior to

appointment of arbitrator upon knowledge that any of these Rules have not been followed or suffer consequences of

waiver. **See generally R-50**.

Statutory, **18 U.S.C. § 2702(a)** Controversy. This Wrong Was Established When Arbitrator Coerced[6] The Movant To Agree To A Documents Only Case. This Wrong Prejudiced The Right Of The Movant To Have Arbitration Resolved Upon Consideration <u>Of The Testimony Of Checklisted Witness Justyna Kilbourne, A Former AOL Employee.</u>

9 U.S.C. § 10 provides for the vacation of the award on this statement of claim. **See 9 U.S.C. § 10(a)(3)**. In this case, Respondent had already noticed a material gap in AOL's policy requirement directing Kilbourne to comply with the letter of **18 U.S.C. §§ 2703(a)-(d)'s** requirement with respect to a letter faxed to her by Purvis. The Arbitrator merely referenced an Oct. 17, 2015 filing made by Moore to the AAA, which was before the case was accepted and developed, and ruled that "Claimant has not carried his burden of proof in making his claim nor has he proved damages." **See Exhibit A,** at p. 1, line 23. However, the arbitrator omitted to reference that Moore has made all the requisite showing of proof of claim and damages in the Mar. 11 & 17, 2016 Rule 8 Answering Statement and Memorandum of Law to Respondent's Motion to Dismiss. **See**

---

[6] See **Movant's Exhibit D** which is a Nov. 14, 2016 "SWORN AFFIDAVIT" by Alvin Lavon Moore demonstrating that the Arbitrator was completely biased against movant as has necessarily showed exceptional favoritism to Respondent. Although it is a settled principle that where a party has knowledge of facts possibly indicating bias or partiality on the part of an arbitrator he or she cannot remain silent and later object to the **award of the arbitrator** on that ground, there is no waiver of objection to be inferred from the record here, given that Respondent's Exhibit 1 to its Reply Brief, which was served upon Respondent by the Claimant approximately 5 days after preliminary telephone conference and 24 days before Claimant's initial brief was due, is Voice (in *pro se* albeit), constituting a lack of waiver of the objection once Respondent filed same Exhibit with the Arbitration tribunal on August 29, 2016 or within approximately 23 days before the arbitrator declared the purported hearing closed.

-7-

**Claimant's Rule 8 Answering Statement,** at pp. 5-6, 8-12 **and Memorandum of Law,** at pp.

16-17, 33. The Arbitrator, nonetheless, denied[7] any and all discovery as to proof of claim and as to

---

[7] The Rule 22 belies any argument to the contrary against the reviewability of the denial orders or summary

judgment AWARD issued in favor of AOL. **See R-22(a), (d).** For obvious reasons: AOL's exhibits attached to his

filings evidently establishes the existence of genuine dispute to several material fact.

Trial issues of willfulness and recklessness are common factual issues for juries to determine. See Metzger v.

Osbeck, 841 F.2d 518, 521 (3d Cir. 1988)("[W]e cannot deprive plaintiffs of an opportunity to have a jury resolve

the issue of [defendant]'s intent in their favor."). And for clear reasons has this authority survived: Given that in

actions at law, predominantly factual issues are in most cases allocated to some sort of fact finding process. See e.g.,

CITY OF MONTEREY v. DEL MONTE DUNES, 526 U.S. 687, 720 ; 119 S. Ct. 1624; 143 L. Ed. 2d 882 (1999).

This analysis also applies with respect to the Rule 23. **See R-23(a).** In this case, the Movant believed then and

believes now that had arbitrator ordered limited use of these discovery provision of the applicable Rules, same

would have been sufficient to allow Movant a fair opportunity to present Moore's proof in support of the claims and

damages, if not already presented.

Some district courts and other jurisdictions have determined that discovery during arbitration is at the discretion

of the **arbitrator if derived from the agreement to arbitrate.** See e.g., Rintin Corp., S.A. v. Domar, Ltd., 374 F.

Supp. 2d 1165, 1170 (S.D. Fla. 2005); McCrary ex rel. McCrary v. Byrd, 148 N.C. App. 630, 638 559 S.E.2d 821

(N.C. Ct. App. 2002). The arbitrator cannot allow the Respondent to whom Moore had given notice that his

**unauthorized disclosure of Moore's private communications or records to a third-party** has aggrieved and

prejudiced Moore, and who was well aware of Moore's DEMAND and complaints made as additional documents in

support of DEMAND, the gist of these complaints was that Moore's federally protected rights were violated by AOL

and its employees after SHAM charges was orchestrated by Georgia-Pacific in league with "interested" state actors

of Statesboro, Georgia, the obvious theory underlying Moore's claim was that these unfortunate results were caused

by Respondent's negligence, and who knew or should have known that a proper claim and defense to counterclaim

required some showing of alternative causation not readily available under the circumstance of a document only

-8-

proof of damages despite of Moore's request.

In any event, by the time of Mar. 11, 2016 when case had surpassed the informal resolution/Step 2 of the submission's agreement, Respondent had already found discrepancies with Kilbourne's statements and decided not to meet the deadline of Feb. 8, 2016, **see Exhibit C**, at p. 2, for filing a Checklist for Conflicts form naming her as it's witness in support of his so-called "good faith" defense. However, Moore file a timely consumer checklist, **see Exhibit E** which is a copy of a Jan. 25, 2016 "INITIAL LIST OF PEOPLE INVOLVED IN THE ARBITRATION ('Witness List')" of Moore demonstrating that the controversies is to be resolved by Arbitration hearing.

Although this section of the AAA's ruling was the subject of some negotiation (belatedly and coercive, to Moore's detriment albeit) on June 30, 2016, the movant maintains that the difficulties in bargaining or reaching new agreements under the circumstances wherein AOL had free reign to alter the very terms and conditions that are the subject of same, **DID** rose to the level of unfairness because arbitrator disregarded the law wherein the courts provide for the cessation of arbitration hearing only upon the **occurence** of witnesses like Kilbourne being heard, but *not* before. See e.g., Burton v. Bush, 614 F.2d 389, 390 (4th Cir. 1980).

We cannot know the exact minute-by-minute progression of the unrecorded phone calls made by Purvis to Kilbourne. **See Exhibit F**, at pp. 2-3, n. 3 which is a copy of a July 21, 2016 "BRIEF

---

setting. Thus, it cannot be said that Respondent would be somehow prejudiced were Kilbourne subpoenaed to testify at a Statesboro, Georgia arbitration hearing, which may provide benefit to AOL in having its "good faith" defense vindicated thereby, as against proofs of Moore's **prima facie** claim and damages or defense to AOL's counterclaims.

-9-

OF CLAIMANT" by Moore demonstrating that a great deal of more communications between Kilbourne and third-parties regarding Moore's private records and data has occurred than Respondent led on through a single piece of evidence. **See generally Exhibit G** which is a Mar. 11, 2016 "EXHIBIT B" or letter by Purvis to AOL requesting Moore's privately stored information demonstrating a nefarious intent of Respondent to obtain an absurd result from arbitrator's interpretation of **18 U.S.C. § 2707** (to **confound the 18 U.S.C. §§ 2701(a)'s** clearly stated purpose albeit). However, we do know by Purvis' own testimony before a Chief Judge of Bulloch County Superior Court of Georgia that Kilbourne had spoken to Purvis on the telephone presumably at her employment station and was affirmatively told inflammatory information that AOL allowed to masked the court order requirement for Kilbourne to even go rummaging into restricted areas where Movant's information is stored.

This Court in Freedman v. American Online, Inc., 325 F. Supp. 2d 638, 645-46 (E.D. Vir.2004) and Freedman v. American Online, Inc., 329 F. Supp. 2d 745, 749-751 (E.D. Vir.2004), would not consider this matter as immaterial to the original DEMAND of $74,999.00 as recalculated to $25,000 or to a reasonable amount thereunder, after Arbitrator has succeeded to confiscatorily recast the arbitration hearing case to documents only.

A court "may vacate an arbitration award when the denial Orders of arbitrators leads to the inability of the party to present 'pertinent and material evidence.'" See Investor Rels. Servs. v. Michele Audio Corp. of Am., No. 1:04CV0565, 2006 U.S. Dist. LEXIS 65948, 2006 WL 2571028 *1, 3, 9-15 (July 19, 2006).

The United States Court[s] of the Fourth Circuit are in agreement with the Investor Relations Services that the district courts have a duty to determine § 10 claims. See e.g., SELDNER CORP.

-10-

v. W. R. GRACE & CO., 22 F. Supp. 388, 391-93 (D. Md.1938). Because the arbitrator Rosen

considered documentary evidence of Respondent *as elicited*, that alleged that Kilbourne has no

information beyond his Exhibit B, **see Exhibit G *generally***, and that she does not agree to be

contacted or have her contact information shared (we do not know if any of this is true albeit), and

especially used the Rules against[8] her production, which is also in violation of R-34(b)-(d), **see R-34(b)-(d)**, an Order vacating the award is required.

   b. Arbitrator's Award Was Procured By Corruption, Fraud, Or Undue Means Within Meaning Of 9 U.S.C. § 10(a)(1), When Arbitrator Under Quasi-Official Guise That Claimant Doesn't Really Have An Arbitrable Case, **see Exhibit D *generally***, Thus, Took Undue Advantage Of Indigent And *Pro Se* Party, Mr. Moore, To Reset The Feb. 8, 2016 Deadline To File Objection To Moore's Witness List And To The AAA's Order That The Arbitration Will Be Held In Statesboro, Georgia; And Knew All Too Well That Credible Evidence About Kilbourne's True Role In Legal Dispute Would Never Come Into The Case. That Guise, With Developed Skills And Aforesight Alone, Has Managed To Prevent Respondent's So-Called "Good Faith" Defense From Being Overruled, Were An Impartial Arbitrator Work To Adhere To The Relevant Evidence.

   9 U.S.C. § 10 authorizes this Court to entertain this claim. **See 9 U.S.C. § 10(a)(1)**.

This court has already set forth the test for prevailing upon this ground. See RZS Holdings

AVV v. PDVSA Petroleos S.A., 598 F. Supp. 2d 762, 771-72 (E.D. Va.2009)(*citing Int'l Bhd. of*

*Teamsters, Local 519 v. United Parcel Serv. Inc.*, 335 F.3d 497, 503-04 (6th Cir. 2003). In this

case, the movant has established this ground, as there is inferential evidence that Respondent

knew and should have known that arbitrator's statements (offensive to the agreements and

discouraging to FAA's purpose albeit) was undue as made and could not be used to manipulate

---

[8] The irony increases where the record shows, **see Exhibit A *generally***, that the Arbitrator did not draw inferences against Movant as to whether there is information beyond what the document infer that could be feasibly obtained by indigent and *pro se* claimant, and if so what documents would show, and whether what Kilbourne would testify to at hearing would be immaterial.

the arbitration agreement. Especially in light of Respondent's Feb. 8, 2016 consent by failure to object to AAA's effective Jan. 25, 2016 Order. AOL, itself, has offered to make a new VENUE (a species of perjury albeit) to vitiate AAA's Order, when counsel for Respondent asked "how far can you travel?" **See Exhibit D**, at p. 4.

Anyway, the generally applicable "good faith" **defense** may not be applied such as here, in a manner that targets the existence of an agreement to arbitrate as the basis for invalidating[9] that agreement. AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1746-47; 179 L. Ed. 2d 742 (2011).

The Stored Communications Act (SCA), **18 U.S.C.S. §§ 2701-2712** was enacted because the advent of the Internet presented a host of potential privacy breaches that the **Fourth Amendment** does not address. Quon v. Arch Wireless Operating Co., 529 F.3d 892, 900 (9th Cir.

---

[9] The Respondent's motion to dismiss **with** prejudice did just that. Ironically, the arbitrator who did not allow same to come in for consideration through the front door as a device to end the arbitration case at the preliminary telephone conference stage, **see Exhibit D**, at p. 3, presumably upon Moore's complaint that Respondent did not comply with Rule 24, **see R-24**, has somehow allowed same to come in through back door of arbitration by AWARD to AOL.

This error occurred before AOL filed its reply brief (belatedly seeking to invoke the arbitration's clause and essentially claiming that same was not one-side in favor of AOL or was not so utterly lacking in the rudiments of evenhandedness albeit), cf. MURRAY v. UFCW INT'L, Local 400, 289 F.3d 297, 302-05 (4th Cir.2002)(arbitration agreement was unenforceable), and before it sought to compel arbitration. Thus, after arbitrator considered motion, the AWARD phase appear to be no more than a mere empty formality. See In re Mirant, 613 F.3d 584, 592 (5th Cir. 2000). But there is more than a little irony in the inferences that the arbitrator did not expressly grant the motion, signifying that AOL failed to carry its burden to show success and resoluteness, yet still granting AOL an award entirely in his favor?

-12-

2008), *rev'd on other grounds*, 560 U.S. 746, 130 S. Ct. 2619, 177 L. Ed. 2d 216 (2010)(The Supreme Court assumed that the employee had a reasonable **expectation of privacy** in the text messages sent on the pager provided to him by the city). To address these potential privacy breaches, the SCA creates a set of **Fourth Amendment**-like privacy protections by statute, regulating the relationship between government investigators and service providers in possession of users' private information. **Orin S. Kerr**, *A User's Guide to the Stored Communications Act, and a Legislator's Guide to Amending It*, **72 Geo. Wash. L. Rev. 1208, 1212** (2004). Violation of these provisions may result in criminal or civil liability, unless one or both of the SCA's statutory immunity provisions applies. **18 U.S.C.S. §§ 2703(e), 2707(e)**.

Under these provisions, AOL may not be given the advantage of resorting to State law for protection from exposure to liability when it has agreed that FAA applied to merit an arbitration hearing in Statesboro, Georgia. For obvious reasons: State law cannot stand as an obstacle to the accomplishment of the Federal **Arbitration** Act's objectives, by interfering with the fundamental attributes of **arbitration**. MURIITHI v. SHUTTLE EXPRESS, INC., 712 F.3d 173, 180 (4th Cir.2013). It is Mr. Moore's position that after this exchange or the proposed new agreement, either the arbitrator should have recused himself pursuant to R-18 et seq, **see R-18** *et seq*, or the AAA should have intervened and disqualified same under R-19 et seq, **see R-19** *et seq*, as the arbitrator witnessed Moore's lack of consideration to the new agreement. The authorities supports Moore position that Movant's lack of consideration there, is an applicable defense to bar the arbitrator from participating in the case any further and a bar to arbitration of respondent's "good faith" defense under the circumstances. See NOOHI v. TOLL BROS., 708 F.3d 599, 612 (4th

-13-

Cir.2013)(citing cases).[10] This occurrence has obviously vitiated the June 30, 2016 arbitral ruling, **see Exhibit H** which is a June 30, 2016 "SCHEDULING ORDER" of Arbitration Tribunal wrongfully inferring that Alvin Moore initiated the scheduling discussion and drafted the agreement to withdraw right to arbitration hearing in Statesboro, Georgia, and made the mode of resolution of the "good faith" defense to be by document only. Ironically, this occurrence also constitute an obvious vindication of the Movant as it demonstrated that arbitrator has concealed the falsity[11] of his credentials in order to merely defer to the argument of a Respondent despite that he knew or should have known by the record that same was meritless and that AOL was clearly using inflammatory and unfounded statements to masked his fraudulent claim denial. The antics of AOL cannot be sustained. See <u>MidAmerican Energy Co. v. IBEW Local 499</u>, 345 F.3d 616, 622-23 (8th Cir.2003). Thus, the arbitrator erred in implicitly concluding that the arbitration agreement and/or privacy policy agreement was unconscionable to the extent that it is understood to disallow application of "good faith" defense upon other elements by evidence not listed in 18 U.S.C. § 2707(e), as explained by the Fourth Circuit in <u>Freedman</u>, supra.

    c. The Arbitrator Was Evidently Partial To AOL, When He Intimated His Opinion On The Evidence Of The Submission's Agreement, **see e.g., Exhibit D**, at pp. 2-4, And On **18 U.S.C. §§ 2702(a); 27007** *et seq*, Before He Had Even Read Agreement And All The <u>Referenced Documents On AAA's File.</u>

---

[10] <u>Cheek v. United Healthcare of Mid-Atlantic, Inc.</u>, 378 Md. 139, 835 A.2d 656 (Md. 2003)("an **arbitration** provision is treated as a severable contract that must be supported by adequate consideration.")

[11] The FAA's, § 10 was designed to encompass fraud based on false facts, as here. The facts compels a Court finding that Movant's fraud allegations are relevant to whether Movant was misled into equivocating about the arbitrators' jurisdiction, primarily because of Movant's claims in the AAA and other filings for arbitrators consideration the arbitrator did not receive proper legal application to the evidence.

-14-

"Evident partiality" is distinct from actual bias. A party seeking to vacate an arbitration award for evident partiality need not show that the arbitrator was actually guilty of fraud or bias in deciding the case. NEW REGENCY PRODS. INC. v. NIPPON HERALD FILMS, INC., 501 F.3d 1101, 1105-1106 (9th Cir.2007). Courts must "scrupulous[ly]" "safeguard the[ir] impartiality." Id., at 1106.

Alvin Moore timely brought this claim to the attention of the arbitrator, when during the conference itself, Moore questioned Mr. Rosen just as to how he could arrive at a legal judgment without having read the basis thereof. **See Exhibit D**, at p. 4. This mode of preserving public policy violation for review and sufficiency determination is supported by the authorities. See Trustees of Pressmen Local 72 Industry Pension Fund v Judd & Detweiler, Inc., 736 F. Supp. 1351, 1353-1354 (D.C. Md.1988); MORELITE CONSTR. CORP. v. NEW YORK CITY DIST. COUNCIL CARPENTERS BENEFIT FUNDS, 748 F.2d 79, 84 (2d Cir.1984). In this case, there is a prime example of evident partiality that a reasonable person can not but conclude that arbitrator was going to decide the DEMAND on matters other than on the merits, and necessarily that no degree of proof of damages would be sufficient for the arbitrator to rule that Moore is entitled to recovery, even if shown as below, to be the result of the injury and the suffering to Moore's person by the unlawful violation[12] of the exclusive right secured by the laws of the

---

[12] The Movant did plead costs in getting to the bottom of the breaches ever since Oct. 22, 2014 when Purvis brought the matter to light. **See Answering Statement and Memorandum of Law** *Generally*. **See also Exhibit F, at p 8-11; Exhibit L,** at p. 5, lines 26-28, & n. 8.

All that is required for an award of actual damages is that Moore show that AOL's violation of statute was intentional or willful. This subjective standard was met when Moore showed that Kilbourne knew or should have

-15-

United States Moore as acknowledged to have been so by AOL. Thus, a new arbitration is

required.

Where a **judge intimates an opinion** on the law as where a arbitrator, which lies at the

foundation of the action, adverse to the plaintiff, he or she may submit to a nonsuit and appeal.

See e.g., ROCHLIN v. P. S. WEST CONSTRUCTION COMPANY, INC., 234 N.C. 443, 444; 67

S.E.2d 464, 465 (1951).

    d.  Arbitrator's Award Was Procured By Corruption, Fraud, Or Undue Means Within
       Meaning Of **9 U.S.C. § 10(a)(1)** And Also Arbitrator Has Disregarded The Law, As To
       Respondents Motion To Dismiss **With** Prejudice On Grounds Of Frivolity,[13] So That The
       Arbitrator So Imperfectly Executed His Powers That A "Mutual, Final, And Definite
       Award" Was Not Made In This Case.

Under state law, a valid contract requires offer, acceptance, consideration, and no **defenses** to

formation. See e.g., HIGHTOWER v. GMRI, INC., 272 F.3d 239, 242 (4th Cir.2001). Based on

---

known by law that a court signed document was required when Purvis contacted her office. Yet AOL and or his

employee still did not require Purvis to produce a court order to authorize release of Moore's information and

records. This is sufficient to make out a statutory claim for relief for malice by Kilbourne and AOL. See DOE v.

CHAO, 346 F. Supp. 2d 840, 848 (4th Cir.2004). And the pecuniary losses continue to escalate. OSOFSKY v. ZIPF,

645 F.2d 107, 113-15 (2d. Cir.1981).


[13] The arbitrator acceptance of the Respondent's March 11, 2016 claim that the dispute was not within the arbitration

clause or that VENUE is lacking meant that arbitrator could not then issued an award on the merits of the Claimant's

DEMAND and on the merits of the motion, respectively, in favor of the Respondent. Thus, arbitrator manifestly

disregarded the law when it implicitly determined that some claims was arbitrable and some were not, without

clarifying which ones. This is also a correctible error. See KAHN v. SMITH BARNEY SHEARSON INC., 115 F.3d

930, 933 (11th Cir.1997), *reh, en banc, den* (1997, CA11 Fla) 124 F3d 223.

-16-

this authority, it appears that AOL could not put up the myriad defenses made in his Mar. 11, 2016 motion, and still ask the arbitrator in a subsequent August 29, 2016 brief to make and serve an enforceable award upon the submission's agreement, etc, whereupon the parties gave up right to have court type resolution of factual matters like "good faith" defense. **See Exhibit B**, at p. 2, lines 9-10. Furthermore, defendants in breach of privacy agreement cases like AOL had the instant parties bypassed arbitration attempts, may not benefit from **good faith defense,** however, if defendant actually knew that subpoena (or other process) was invalid under applicable law. Freedman v. America Online, Inc., 325 F. Supp. 2d 638, 647-48 (E.D. Va. 2004)(adopting test of good faith with both an objective and subjective component).

And pursuant to the clear and convincing evidentiary standard governing fraud, there is evidence in the record that demonstrates that this Court should correct the **Arbitrator's** award because arbitrator "so suspectly executed [his powers] rendering the award a nullity under § 10(a)(4), **see 9 U.S.C. § 10(a)(4),** where on one hand, the Arbitrator heard Respondent's allegation of fraud made in motion and repeated during conference and did not specifically decide that Movant's claims were not arbitrable and was frivolous. **See Exhibit A** generally. Yet on the otherhand arbitrator implicitly[14] determined and concluded that others were arbitrable but was frivolous, where arbitrator left room for Respondent to break its end of the agreement i.e.,

---

[14] Questions of "arbitrability" are those **"gateway** questions" **for the arbitrator to decide in unambiguous terms** that will determine whether the underlying controversies will proceed to arbitration on the merits. Thus, **gateway** arbitrability questions include whether a condition precedent to arbitration has been fulfilled, including prerequisites such as waiver, delay, or a like defense to arbitrability and time limits, notice, laches, estoppel and other conditions precedent to an obligation to arbitrate. CACI PREMIER TECHNOLOGY, INC. v. FARACI, 464 F. Supp. 2d 527,

"if your claim in arbitration is $75,000 or less, we will pay
your filing fee, as well as other filing, AAA and arbitrator's
fees and expenses. We will not seek to recover from you
our expenses. Please be advised that if an arbitrator finds that
the arbitration was frivolous or brought for an improper purpose,
then we will seek to recover from you our AAA arbitrator's fees
and expenses, and/or your filing fees that we paid." **See Exhibit B**, at pp. 10-11. This

occurred when Arbitrator did not require Respondent to bear the $200.00 of the $1,900.00 as

incurred. Thus, far, the award evidenced that Respondent has only paid $1,700.00 in such fees.

---

533; (E.D. Va. 2006). Thereby, this Court has **debunked** the notion that question as to which agreement provision

authorized arbitration of some or all categories of the parties' claims may be concealed in sworn averments of the

arbitrator, as between his referencing the agreement to have him designated by AAA and that he has duly heard the

proofs and allegations of the Parties via the documents for findings. And the Movant now avails Moore's remedies

under **9 U.S.C. § 4** with the question of whether Moore was entitled to an enforceable arbitration as to all his

considerations intended under the submission's agreement, etc, **see Exhibits B and M** *generally*, that however, was

not carried out by Arbitrator. See also LOCAL UNION NO. 637, INT'L BHD. OF ELEC. WORKERS v. DAVIS H.

ELLIOT CO., 13 F.3d 129, 132, 134 (4th Cir.1993); CENT. W. VA. ENERGY, INC. v. BAYER CROPSCIENCE

LP., 645 F.3d 267, 277 n. 11 (4th Cir.2011)(*explaining* GRANITE ROCK CO. v. INT'L BRD. OF TEAMSTERS,

561 U.S. 287; 130 S. Ct. 2847; 177 L. Ed. 2d 567 (2010); DELL WEBB CMTYS, INC. v. CARLSON, 817 F.3d

867, 873 (4th Cir.2016). Thus, there can be no award upon Respondent's "good faith" defense or there is no

mootness of the question of whether any information from Kilbourne would support Moore's defense to AOL's

"good faith" defense, until the award reflects that arbitrator resolved his own query of whether the statute authorizes

a private cause of action and whether the tribunal has jurisdiction over the DEMAND. The arbitrator simply failed to

do his job to **find** on the issue of whether the subject matter e.g., "good faith" defense, was created under the e-

contract. GREAT AM. INS. CO. v. HINKLE CONTR. CORP., 497 Fed. Appx. 348, 351 (4th Cir.2012).

Accordingly, since the DEMAND was timely and sufficient and Moore had complied with all steps of the agreement

to resolve legal dispute, any award without the required finding is a nullity as a matter of law.

-18-

**See Exhibit A**, at p. 2, lines 1-2. It is thus clear by the record, that a mutual, final, and definite award upon the subject matter submitted was not made."

There exist prior cases addressing this claim that have vacated arbitration awards on this ground when the **arbitrator** failed to resolve an issue presented to him, see, e.g., Galt v. Libbey-Owens-Ford Glass Co., 397 F.2d 439, 442 (7th Cir.1968)(**arbitrators** failed to mention a **defense** presented to them), cert. denied, 393 U.S. 925 (1968), and when arbitrator allow a party like AOL here, to present a false dichotomy about its defenses. See also UNITED STATES POSTAL SERVICE v. AMERICAN POSTAL WORKERS UNION, 204 F.3d 523, 528-531 (4th Cir.2000). Therefore, since a nexus exist between Respondent's dismissal allegations that AOL is justified in violating **18 U.S.C. § 2703(a)** because of the Southern District Court's election to blacklist Movant as a frivolous complaint filer in that court only and Respondent's meritless argument that Movant was engaged in illegal activities that was so egregious in connection with AOL to support a detemination by Kilbourne as a breach of the terms of service; and in the alternative as per Respondent's Reply Brief, **see Exhibit I** which is a copy of a Aug. 29, 2016 "RESPONDENT'S REPLY BRIEF" of Chellis Gonzalez demonstrating that Respondent manipulated the arbitration by making arguments e.g.., [Respondent] have committed to arbitration by virtue of the payment of substantial filing fees, at p. 2, lines 9-11, merely to offset its liability,[15] so that dismissal with prejudice or the incurrence of $200 by Movant was forms the basis for arbitrator's award, a **§ 10(a)(1)** Order from this court is warranted.

---

[15] The Arbitrator did not give a citation to even a single authority just as to what law arbitrator was stating, understanding and applying. **See Exhibit A**, at pp. 1-2. Thus, this imperfection of arbitrator also merit a **§ 10(a)(4)** Order from this Court.

-19-

A United States court will disturb an arbitration award on the grounds of fraud, deceit, or that

the dispute resolution procedure was a sham, substantially inadequate or **substantially**

**unavailable.**[16] See <u>DOGHERRA vs. SAFEWAY STORES, INC.,</u>679 F.2d 1293, 1296-1297 (9th

Cir.1982). The FAA vests this court with the same power over similar circumstances as here. **See**

**9 U.S.C. § 10(a)(4)**. See generally <u>Moseley, Hallgarten, Estabrook & Weeden, Inc. v. Ellis,</u> 849

F.2d 264 (7th Cir.1988); <u>RIVERA v. THOMAS,</u> 316 F. Supp. 2d 256, 261-62 (D.Md.2004)

   e. The Arbitrator Has Disregarded The Law And Violated Public Policy, see e.g., <u>Freedman
      v. American Online, Inc.,</u> 325 F. Supp. 2d 638, 646, 653 (E.D. Vir.2004); <u>Freedman v.
      American Online, Inc.,</u> 329 F. Supp. 2d 745, 749-751 (E.D. Vir.2004), Subjecting Award
      To Judicial Scrutiny Under 9 U.S.C. § 10(a)(3)-(4), As Arbitrator Refused To Do The Job
      Of Providing For Discussions To Narrow And Clarify The Issues And Claims Of The
      Parties. **See Generally Movant's Exhibit J** Which Is A Sept. 21, 2016
      "DECLARATION" By AAA Highlighting Under The Circumstances The Occurenc That
      The Arbitrator Would Not Discuss And Consider Existing Evidence Attached To
      Respective Briefs As Agreements Of The Parties Or The Parties Understanding Of The
      <u>Existing Agreement.</u>

In addition to this Declaration, Arbitrator had inexplicably set a deadline for submitting briefs

without[17] specifying the issues to be briefed. **See Movant's Exhibit H**; and **Exhibit A** *generally*

---

[16] "Undue means" has been interpreted to denote something akin to fraud or corruption. ." See <u>Three S Del., Inc. v.
DataQuick Info. Sys., Inc.,</u> 492 F.3d 520, 529 (4th Cir. 2007). <u>Nat'l Cas. Co. v. First State Ins. Group,</u> 430 F.3d 492,
499 (1st Cir. 2005) ("The best reading of the term 'undue means' . . . is that it describes underhanded or conniving
ways of procuring an award that are similar to corruption or fraud, but do not precisely constitute either.").

[17] The movant had long retained the position that movant completely trust the AAA. However, if the sworn affidavit
[Exhibit D] is true as there exist a strong inference that it is, **see Movant's Exhibit K** which is a copy of an Oct. 5,
2016 "AAA ADVISED" of Manager of ADR Services advising that Moore's request to have telephone conference
record released to public was turned down, reasonable jurist cannot seriously debate that a litigant under the
arbitrator's assumption in agreement with AOL's motion to dismiss **with** prejudice on ground that Alvin Moore's
demand should have never been filed with AAA would risk further prejudicial delay or lossess and damages were he

-20-

(denying every document filed by claimant including the unopposed motions to strike Respondent's exhibits and motion to dismiss w/prejudice).

However, PATTEN v. SIGNATOR INS. AGENCY, INC., 441 F.3d 230, 235-36 (4th Cir.2006), hold that "The arbitration agreement superseded all other agreements between the parties.

The test for this ground is set out in George Watts & Son v. Tiffany & Co., 248 F.3d 577-78, 581-82 (7th Cir. 2001)(Williams, J., concurring)(citing WILKO v. SWAN, 346 U.S. 427; 74 S. Ct. 182; 98 L. Ed. 168 (1953). The Eighth Circuit's application of this test requires that the arbitration panel cite the relevant law and then proceed to ignore it. Gas Aggregation Servs., Inc. v. Howard Avista Energy, LLC, 319 F.3d 1060, 1069 (8th Cir. 2003). In this case, the arbitrator failed to give a citation to any statute or case law presented in Brief of Claimant holding that **18 U.S.C. § 2702(a)** apply to Moore's legal dispute with AOL, **see Movant's Exhibit A**, at p. 1, lines 5-7, but on the other hand arbitrator has clearly identified the applicable, governing law of the statute proscribing release of Consumer's private information to third parties without a court signed order and without their consent and then proceed to ignore it. **See id**, at p. 1, line 15.

---

or she to further antagonize arbitrator with further objections. Thus, this court may allow the Declaratory Judgment Act to come in upon this issue. The courts are uniform that **28 U.S.C. § 2201** allows relief to be given by way of recognizing the movant's right even though no immediate enforcement of it was asked. ***See generally*** **10B Charles Alan Wright, et al., Federal Practice and Procedure** § 2767 (3d ed. 1998)(citing cases). See also DISCOVER BANK v. VADEN, 396 F.3d 366 (4th Cir.2005)(citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 16, 77 L. Ed. 2d 420, 103 S. Ct. 2841 (1983); **SKELLY OIL** CO. ET AL. v. PHILLIPS PETROLEUM Co., 339 U.S. 667; 70 S. Ct. 876; 94 L. Ed. 1194 (1950)

-21-

The law that the arbitrator ignore is clear, see Freedman v. American Online, Inc., 325 F.

Supp. 2d 638, 647 (E.D. Vir.2004)(citing **18 U.S.C. § 2707(e),** that AOL may only invoke the

good faith defense "if he can demonstrate (1) that he had a subjective good faith belief that he

acted legally pursuant to a court order; and (2) that this belief was reasonable. Id, 325 F. Supp. 2d

at 648. In this case, the arbitrator let AOL off the hook by (a) allowing AOL to remove the burden

that this provision imposes on it. The arbitrator compounded that dereliction of duty with a

judgment as a matter of law in AOL's favor.

Furthermore, the arbitrator's award that Respondent is the prevailing party but making

Respondent bear[18] the vast majority of administrative fees and the entire compensation of the

arbitrator, is extremely troubling, given that the arbitrator did not make any "matter of law,

statements of whether the transactions between the parties are even consumer transactions at all.

**See id**, at p. 1, lines 24-25; p. 2, lines 4. This was a "manifest disregard" of legal rules justifying

judicial intervention.

Moreover, the arbitrator deviated without NOTICE from his June 30, 2016 ORAL order, that

he would not consider exhibits and would not hear or take evidence from witnesses when he

considered Claimant's Reply Exhibit 1 and accepted as concluding on the case what witness

Kilbourne has purportedly said to AOL prior to her termination. **Compare Movant's Exhibit D**

**and Movant's Exhibit L w/Claimant's Reply Exhibit 1** which is a copy of Claimant's

September 12, 2016 "CLAIMANT'S REPLY BRIEF of Alvin Moore meeting and avoiding

AOL's Argument presented in Respondent's Reply Brief *with* **Exhibit A**. This deviation occurred

despite that it evidently constitute prejudice as it is statement of facts via email brought in the

---

[18] The ruling is estoppel evidence in itself, that AOL is not the prevailing party.

arbitration, in response to Respondent's Reply Exhibit 1. This violated public policy requiring the award be corrected.

The prejudice in the instant case is magnified where arbitrator did not require Respondent to provide credible evidence pertaining to statement, even though Movant had no prior knowledge that Respondent would bring in private email discussions of the parties about the availability of the witness in its responsive submissions and Movant had not the means nor the opportunity to cross-examined this witness. **See Movant's Exhibit E** (demonstrating Movant's agreement to affirmatively resolve dispute by Arbitration hearing of witness Justyna Kilbourne).

    f.  Arbitrator Unfairly Reached The Merits Of Respondent's "Good Faith" Defense Although The Agreement Does Not Place Same Before The Arbitrator, And So Reached Same Without[19] Affording Indigent Movant Opportunity To Test Same By Discovery And/Or Examination Of Witnesses Same Relies, So That The Award Is So Unclear And Ambiguous That This Court Cannot Meaningfully Review It.

Moore's evidence in the record, **compare Exhibit H** (establishing that no reviewing authority listed in the FAA can know what question[s] is before the arbitrator for meaningful review) *with*

---

[19] The Movant agrees that the privacy agreement entered into by the parties, **see Exhibit M** which is a copy of a Mar. 18; 2016 "PRIVACY AGREEMENT by American Online, Inc and Alvin Moore limiting the issue before the arbitrator to whether Respondent's Exhibit B attached to motion to dismiss, resubmitted here, **see Movant's Exhibit G**, constitute the required compulsory document under **18 U.S.C. §§ 2703(b), 2707(e)**(*citing* **18 U.S.C. § 2518(7)**), does place the good faith defense in issue in an arbitration case to be resolved by hearing of witnesses. However, like the new agreement rescinding the AAA's decision that the failure of Respondent to object by Feb. 8, 2016 will constitute an agreement that the arbitration will be held in person in Statesboro, Georgia, the privacy agreement is **superseded** by the arbitration agreement, inasmuch as the arbitrator took the parties into an "endless" agency loop when he would not perform the threshold duty to determine whether Respondent's Exhibit B as resubmitted, constituted a lawful process within meaning of applicable federal criminal statutes. **See Exhibit D** *generally*.

**Exhibit A** (showing an inherently ambious award), respectively, further demonstrates that this Court should vacate the **Arbitrator's** award because **arbitrator** "issued an award that was so unclear and ambiguous that it created new disputes and undermined the purpose of the FAA. See e.g., Bell Aerospace Co. Division of Textron v. Local 516, 500 F.2d 921, 923 (2d Cir. 1974) (found that the award seems contradictory on its face, holding that Courts will not enforce an award that is incomplete, ambiguous, or contradictory), see also INTERNATIONAL UNION MINE WORKERS v. MARROWBONE DEVELOPMENT CO., 232 F.3d 383, 388 (4th Cir.2000). The fact that the arbitrator made no distinction between damages and its various types, *cf.* GREENE v. KEITHLEY, 86 F.2d 238, 243 (8th Cir.1936), that he knows or should have known through case law, are involved in an action at law and the element governing the type of damages that he had in mind in writing it, **see Exhibit A**, at p. 1, line 23, further brings home this claim. The statute itself clearly speaks about different types of damages and allows for tribunals to assess punitive damages, see **18 U.S.C. § 2707(c)**, because it creates a cause of action that sounds in tort and **punitive damages** are available in tort actions under the common law. See e.g., Greene, *supra*; DITULLIO v. BOEHM, 662 F.3d 1091, 1094 (9th Cir.2011)(same; in context of violating the **Trafficking Victims Protection Act**); PICHLER v. UNITE, 542 F.3d 380, 393 (3rd Cir.2008)(same; in context of **Driver's Privacy Protection Act**).

The Respondent took the opportunity to submit a brief, **see Exhibit I** (informing the arbitrator that it has made several additional agreements or clarification of the existing ones that avoided the recalculated demand of $25,000 or a reasonable payment of compensation under that amount

-24-

of Movant's Brief), which was after Moore has attempted to follow the coercive[20] action of the arbitrator. **See e.g., Exhibit F generally**. The arbitrator had ruled that Rule 29 (These Procedures will apply where no disclosed claims or counterclaims exceed $25,000) applied. **But See Exhibit A** *generally*. However, Moore has alerted the arbitrator that there is no agreement on the Respondent's "good faith" case being arbitrated and decided without evidence from Kilbourne, **see Exhibit L**, at p. 4, and indeed, because of the adverse inference of Respondent's Exhibit 1 attached to its reply brief, **see Exhibit I**, at p. 4, the Movant reaffirmed the lack of agreement. **See Exhibit L**, at pp. 8-10.

In fact, based on a cursory view of the AWARD, it appears that the Arbitrator nixed the idea of resolving the legal dispute by briefs and agreements of the parties to this case and resorted back to pre-briefing materials of the parties that were submitted prior to AAA's appointment of arbitrator, **Movant's Exhibit N** which is a copy of a May 19, 2016 "AAA's ORDER" of Arbitration Case Administrator demonstrating that AAA has interpreted the submission's agreement as being devoid of an agreement on the appointment of arbitrators, as subject of the Award. . **Compare Exhibit A** (referencing original demand of $74,999.00) *with* **Exhibits F, I and L** (making and acceding, respectfully, to the fact that the demand of $25,000 forms the primary issue for resolution arguably after a proof of damages proceeding). See generally RAYMOND JAMES FIN. SERVS. V. Bishop, 596 F.3d 183, 193 n. 13 (4th Cir.2010). Ironically, the arbitrator had set aside same as unhelpful during Conference. **See Exhibit D**, at p. 2

---

[20] The Arbitrator came into the hearing and said, it appears that the AAA tribunal lacks jurisdiction over the case, so do you want me to conduct this case as document's only to spare the parties of the hardship of conducting a hearing. **See Exhibit D** *generally*.

-25-

Regardless of documents potential admissibility –as showing Respondent's state of mind, the relationship of the parties, or for any other reason- it is still second and third hand evidence, for which notice and a hearing is required. Because no NOTICE was given of the Respondent's intent to have arbitrator nullify AAA's Jan. 25, 2016 Order for arbitration hearing in Statesboro and same resolved through applicable arbitration rules, it was inadmissible, and the Tribunal's failure to exclude it, are grounds for relief from award or a new arbitration.

The process and extent of federal judicial review of an arbitration award are substantially circumscribed. § 10 of the FAA, lists the grounds that may form the basis for vacatur of an arbitration award. **See 9 U.S.C.S. § 10(a)(1)-(3)**. In addition to the statutory grounds set forth in § 10, common law permits courts to vacate the award of an arbitrator that evidences a "manifest disregard"[21] of the law. AL-HADDAD COMMODITIES CORP. v. TOEPFER INT'L ASIA PTE., LTD., 485 F. Supp. 2d 677, 681-690 (E.D. Va.2007)

---

[21] See Upshur Coals Corp. v. United Mine Workers of America, Dist., 31, 933 F.2d 225, 229 (4th Cir. 1991), *citing* AMERICAN POSTAL WORKERS v. UNITED STATES POSTAL SERV., 682 F.2d 1280 (9th Cir.1982). In this case the Arbitrator Rosen knew the unlawful access to private information law or should have known same, given that the explanation of this law by this Court in Freedman v. American Online, Inc., *supra*, which was cited and argued in the very settlement offer material that arbitrator reverted back to as the basis of the award. Yet ignored the very fundamental part of the Arbitration Rules i.e., The arbitrator may grant any remedy, relief, or outcome that the claimant could have received in court based on Freedman, *supra*. **See R-37(c)**. Based on arbitrator's own knowledge of the facts that Respondent had been attempting to breach and did get out from under the arbitration agreement for a long time, **see Movant's Exhibit O** which is a 2016 "RECORD" of AAA demonstrating Respondent's dilatoriness and active disdain for agreements, and his attempts to escape any and all liability by undue means for a long time, arbitrator should not have even asked Movant what mode of resolution he was interested in, because it

-26-

The FAA makes clear, arbitration is a creature of contract. **9 U.S.C. § 2**. <u>See</u> <u>Szuts v. DEAN WITTER REYNOLDS, INC.</u>, 931 F.2d 830, 831 (11th Cir.1991); <u>Volt Info. Scis., Inc. v. Bd. of Trustees</u>, 489 U.S. 468; 109 S. Ct. 1248; 103 L. Ed. 2d 488 (1989).

The federal appellate courts all across the United States are uniform in holding that the district court does not err in ruling that the arbitrator had exceeded his powers by concluding that the association had the responsibility to escalate and complete the dispute resolution procedures under the agreement. <u>See</u> <u>e.g.</u>, <u>REED v. FLA. METRO. UNIV.</u>, 681 F.3d 630, 639-644 (5th Cir.2012).

It is thus clear as courts have explained, that arbitrators can fairly be said to exceed their power whenever they act beyond the material terms of the contract from which they primarily draw their authority, or in contravention of controlling principles of law. <u>See</u> <u>KAHN v. SMITH BARNEY SHEARSON INC.</u>, 115 F.3d 930, 932-33 (11th Cir.1997). <u>See also</u> <u>MUSKEGON CENTRAL DISPATCH 911 v. TIBURON, INC.</u>, 652 F. Supp. 2d 862, 867 (W.D.Mich.2009); <u>TOWN & COUNTRY SALIDA, INC. v. DEALER COMPUTER SERVS.</u>, 521 Fed. Appx. 470, 473 (6th Cir.2013); <u>MARSHALL DURBIN POULTRY CO. V. UFCW, Local 1991</u>, 117 F. Supp. 2d 566, 570-71 (S.D.Miss.2000); <u>NCR CORP. v. SAC-CO.</u>, 43 F.3d 1076, 1080-81 (6th Cir.1995) *reh, en banc, den* (1995, CA6 Ohio) 1995 US App LEXIS 3559 and *cert den* (1995) 516 US 906, 133 L Ed 2d 193, 116 S Ct 272.

    g. The Award Suffers From An Evident And Material Miscalculation Of $200 Incurred By Claimant That May Be Corrected Under 9 U.S.C. § 11(a).

---

was already established in Moore's witness list, which is unopposed, that it was by Arbitration hearing and not by documents only, as all Respondent's arguments to follow would be same misleading playbook or fraudulent claim denial in an ever increasingly subtle and sophisticated fashion.

-27-

A district court has the power to modify and correct the award of the arbitration panel pursuant to § 11(a), **see 9 U.S.C. § 11(a)**, "so as to effect the intent thereof and promote justice between the parties." TRANSNITRO, Inc. v. M/V WAVE, No. CA-86-958-N *1, (E.D.Va.1991)(*affirmed in Part and Remanded in Part* TRANSNITRO, Inc. v. M/V WAVE, 943 F.2d 471 (4th Cir.1991). The arbitration agreement itself if held valid *in parts* by this court, establishes that Respondent itself has agreed to incur the $200.00 filing fee. **See Exhibit B**, at pp. 10-11. The AAA brought this matter home to Respondent from the out-set. **See Exhibit O** *generally*.

    h. The Arbitrator Made And Entered An Award In Favor Of Respondent On A Pre-Appointment Settlement Matter That Was Not Properly Before Arbitrator By Conference Issues To Be Briefed.

9 U.S.C. § 11 provide for correction of the award on this claim. **See 9 U.S.C. § 11(b)**. In this case, the parties' action to submit to AAA's arbitration tribunal evinces that the parties were far past step. 2 of the arbitration agreement, **see Exhibit B**, at pp. 9-10, and nothing in the submission of the document only phase of the case asked the arbitrator to focus on bad faith action for failure to resolve legal dispute informally. **See Exhibits F, I and L** *generally*. Thus, because the settlement activities and the amount involved is a matter affecting the merits of the decision upon the $25,000 and the agreements therefore, as submitted, **see id**, the arbitrator's error necessitates an order correcting the award, as it is not rationally inferable from the e-contract.

This FAA provision thus compels judicial scrutiny of Arbitrator in this case. If there be any ambiguities in § 11(b) that allow for the arbitrator to enlarge his or her jurisdiction to do equity and justice, then the outcome of the arbitration would have been in Movant's favor, given that the next step on a failure of parties to settle based on the arbitration agreement, **see Exhibit B**, at pp. 9-10 (Step 1. notice of legal dispute), is for the arbitrator to resolve questions of whether a party to

-28-

this case has exhibited "bad faith" in failure to comply with the agreement out-of-arbitration by informal resolution; and whether the underlying claim that the parties' e-contract is invalid, revocable, and unenforceable.[22] **See O.C.G.A. § 13-6-11**.

O.C.G.A. § 13-6-11 provides for bad faith damages to plaintiffs for having to resort to litigation, but not to defendants. Vogtle v. Coleman, 259 Ga. 115, 376 S.E.2d 861 (1989). Assuming the matter was properly before the arbitrator, § 13-6-11 principles applies to authorize a claim of bad faith for failure to informally settle dispute.

## III

## DEMAND FOR RELIEF

Movant hereby claims and this Court should so find that AOL owes Alvin Moore a fair and reasonable amount of $75,100 in compensation related to "aborted" arbitration, which was after Moore has properly complied with submission's agreement to participate in informal resolution proceeding and after Moore has plead in the DEMAND and additional documents in support the Arbitration Tribunal's jurisdiction, that included bad faith[23] assistance to local law enforcement to

---

[22] The e-contract allowed Respondent to mislead arbitrator by reply brief to evade consequences of an unfavorable resolution on this question at law or in equity that saved revocation of the contract. Condoning this type of dilatoriness is strongly criticized in the federal appellate courts. See e.g., DAVIS v. PRUDENTIAL SEC., 59 F.3d 1186, 1189-1191 (11th Cir.1995)

[23] In contract cases wherein irrational decision making of the statutory violator is established the fact finder may award $ 100,000 in damages for pain and suffering, mental anguish, and discomfort, see LANSDALE v. HI-HEALTH SUPERMART Corp., 314 F.3d 355, 357-58 (9th Cir.2002), as the laws of the United States is generally designed to compensate for bodily injury, mental anguish, and discomfort he experienced until the injury is

belatedly and falsely arrest Moore or to perpetuate a SHAM prosecution; $300,000 in punitive

damages as a relief for the 2014-16 violations committed against Moore for purposes of malicious

destruction or **damage of private communication,** or in furtherance of any tortious act in

violation of the Constitution or laws of the United States or any State; $200,000 in losses due to

deletion[24] of emails that enabled Georgia-Pacific Corporation to continue escaping liability in a

Georgia State Board of Workers' Compensation appeal case as necessarily made it impossible for

Moore to capture; and $956 in costs and expenses in bringing this motion. Moore also makes a

demand for judgment seeking the equitable remedy of injunction against AOL and other

indefinable parties under **Fed. R. Civ. P. 54(c),** to disclose the extent of shared information and to

close off[25] all third-parties' access to Moore's user account. The court may assess

as **damages** including punitive damages in a civil action under 18 U.S.C. § 2707(c). **See 18**

**U.S.C. § 2707(c).** This section provides for just that well placed argument that the arbitrator asked

---

redressed or the dispute is resolved. "[T]he existence of pain and suffering [can] be inferred from the circumstances

surrounding the injury and is a matter left to Congress. Id. at 357-58.

[24] The Movant was required by the Georgia Board of Workers' Compensation and thus, was conducting service of

filings with the Board through use of AOL's services. The copies of the case work on Moore's saved emails was all

that Movant had. The deletions engulfed Moore with grief and pain to attempt to continue that case and others and

manage his daily life.

[25] The AOL has actively concealed the extent of damages, such as the possibility of law enforcement having the

continued ability to read Moore's private email. This may be partly redressed by requiring AOL to issue a new

account, restore the deleted emails and roll over the stored mail thereto, and install other safeguards as assurances.

-30-

AOL in regards to Moore's remedies.[26] KERSEY v. PHH MORTG. CORP., 682 F. Supp. 2d 588,

605 (E.D.Va.2010). See FELDMAN v. PRO FOOTBALL, INC., 419 Fed. Appx. 381, 388 (4th

Cir.2011)(UNPUBLISHED OPINION UNDER FED.R.CIV.P. 32.1); Van Alstyne v Elec.

Scriptorium, Ltd., 560 F3d 199, 204-05 (4th Cir.2009).

## CONCLUSION

WHEREFORE, for all the reasons set forth, the Movant prays that the Court would GRANT

this motion.

Respectfully submitted

Dated: December 9, 2016

/s/ Alvin L. Moore

Alvin L. Moore, "Pro Se",
Movant
306 Len Tenner Court
Statesboro, Georgia 30458
Phone No. 912.541.3563

---

[26] The Movant by repeatedly referring to the lack of participation in the "informal resolution process," movant gave respondent fair notice that Moore fully expected to enjoy his privacy until Moore was contacted for his consent to alter the agreement otherwise and was seeking near the maximum of $75,000 from AOL if same was perverted and would pursue a binding resolution which include the court as necessary, for his greivances.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALVIN LAVON MOORE, | ) |
|    "Pro Se" Affiant | ) |
| v. | ) Motion Proceeding No. _____ |
| | ) Underlying AAA Arbitration No.<u>01-15-005-6947</u> |
| AMERICAN ONLINE, INC., | ) |
|    Et al., Respondent. | ) |
| _____ | ) |

## CERTIFICATION PURSUANT TO 28 U.S.C. § 1746(2)

I declare under penalty of perjury that: (1) No attorney has prepared, or assisted

in the preparation of this document, [Motion To Vacate Arbitration Award].

<u>ALVIN LAVON MOORE</u>
Name of Pro Se Party (Print or Type)

<u>Alvin L. Moore</u>
Signature of Pro Se Party

Executed on: <u>December 6, 2016</u> (Date)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALVIN LAVON MOORE, | ) |
| "Pro Se" Movant | ) |
| v. | ) Motion Proceeding No. _____ |
| | ) Underlying AAA Arbitration No.01-15-005-6947 |
| AMERICAN ONLINE, INC., | ) |
| Et al., Respondent. | ) |
| _____ | ) |

## CERTIFICATE OF SERVICE

This will serve as a formal certificate that I, Alvin Lavon Moore, the Movant have served the

Respondent with a true copy of the foregoing **NOTICE AND THE MOVANT'S RULE 8,**

**FED.R.CIV.P./9 U.S.C. §§ 10-11 MOTION TO VACATE ARBITRATOR'S AWARD**

**W/AFFIDAVIT AND EXHIBITS A-O AND APPLICATION TO PROCEED W/O**

**PREPAYING FEES OR COSTS UPON RESPONDENT,** via Electronic Mailto ensure

delivery to the following address:

To: chellis.gonzalez@teamaol.com
Assistant General Counsel
AOL Inc.
IP & Media Law Litigation
22000 AOL Way
Dulles, Virginia 20166

This 9th day of December, 2016

/s/ *Alvin L. Moore*
Alvin Lavon Moore, *personally,*
Plaintiff,
306 Len Tenner Court
Statesboro, Georgia 30458
Phone No. 912.541.3563